<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH FLAMMIA and PAMELA BAYNTON, | Case No: 18-13474 (SDW) (LDW) |
| Plaintiffs, | |
| v. | **OPINION** |
| NATIONAL FLOOD INSURANCE PROGRAM, | September 16, 2020 |
| Defendant, | |

**WIGENTON,** District Judge.

Before this Court is Defendant Federal Emergency Management Agency's ("FEMA" or "Defendant")[1] Motion to Dismiss Plaintiffs Joseph Flammia ("Flammia") and Pamela Baynton's ("Baynton," collectively, "Plaintiffs") Complaint.   FEMA moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6).  (D.E. 24.)   This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated below, Defendant's motion is **GRANTED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs formerly resided at 442 East Long Branch Avenue, Ocean Gate, Ocean County, New Jersey ("Property").  (D.E. 1 ¶ 5.)  Hurricane Sandy substantially damaged the Property in 2012.  (*Id*. ¶ 12.)  On February 29, 2016, to recover their full insurance benefits to cover these damages, Plaintiffs filed suit before this Court against, among others, Selective Insurance Company of New England ("Selective") and FEMA, in a case entitled *Joseph Flammia and*

---

[1] Plaintiffs list the National Flood Insurance Program ("NFIP") as Defendant.  NFIP is administered by FEMA, and this Court will treat FEMA as the actual defendant in this case.

*Pamela Baynton v. Narragansett Bay Insurance Company, et al.*, Civ. No. 16-cv-1149 (SDW) (SCM) (DNJ) ("*Flammia I*").  (D.E. 1 ¶¶ 11, 13.)[2]  In *Flammia I*, Plaintiffs alleged that they were insured by Selective in a policy guaranteed by the NFIP ("Policy"), and that Selective breached this policy.  (*Flammia I*, D.E. 44 ¶¶ 12, 52.)  In the same matter, Selective specified that it is a Write Your Own ("WYO") provider that issues Standard Flood Insurance Policies ("SFIPs") "pursuant to the [NFIP] and that, in its capacity as a WYO, it issued an SFIP [the Policy] . . . to Plaintiffs . . . for the Property." (*Flammia I*, D.E. 8 ¶ 7.)  This Court dismissed all the defendants in *Flammia I* except for FEMA, who neither appeared nor appeared to be served, and Selective. (*See* D.E. 1 ¶ 14; *see also Flammia I*, D.E. 19, 22, 41, 62, 64.)

Plaintiffs and Selective then attended a settlement conference on October 16, 2017 ("Settlement Conference") before Magistrate Judge Steven C. Mannion.  (*See* D.E. 1 ¶ 15; *Flammia I*, D.E. 74 at 2:16-25 (noting appearances by Plaintiffs' and Selective's counsel, only).) There, the parties confirmed a settlement amount totaling $56,000 ("Settlement Agreement"). (*Flammia I*, D.E 64 at 4:13-5:2, 6:17-7:6.)  Additionally, in response to Judge Mannion's inquiry whether the settlement was to bind "Selective and FEMA," Selective's counsel replied, "Selective is the only party in the case."  (*Id.* at 7:19-24.)  On December 20, 2017, this Court dismissed *Flammia I* with prejudice, pursuant to Rule 41(a)(2).  (*Flammia I*, D.E. 71.)

On January 10, 2018, Plaintiffs requested to file a motion to enforce the Settlement Agreement in *Flammia I*, to which the Court "stated that [it] no longer had jurisdiction over this matter."  (D.E. 1 ¶¶ 17-18; *Flammia I*, D.E. 72.)[3]  Plaintiffs then filed the instant suit on August 31, 2018 against FEMA, seeking to enforce the Settlement Agreement, for breach of the Settlement

---

[2] Reference to documents filed in *Flammia I* will be cited as "*Flammia I*, D.E. __".
[3] Selective responded to Plaintiffs' request, stating: "Selective has not remitted payment to Plaintiffs for only one reason: they have refused to provide information on the current mortgagees on the property, which . . . Selective needs to process the settlement check in accordance with the parties' agreement and federal law."  (*Flammia I*, D.E. 73.)

Agreement, for bad faith litigation, and for bad faith insurance.  FEMA moved to dismiss on June 25, 2020, and Plaintiffs opposed and filed a cross motion to amend the Complaint to include Selective as a defendant on July 14, 2020.  (D.E. 24, 26.)[4]  Defendant timely replied.  (D.E. 28.)[5]

## II.     LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction.  "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport the jurisdictional prerequisites.'"  *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17–1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted).  When reviewing facial attacks, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Aichele*, 757 F.3d at 358 (*citing In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).  In contrast, with a factual attack, "a court may weigh and 'consider evidence outside the pleadings.'"  *Id*. (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

A defendant may also move to dismiss a complaint for failing to state a claim under Rule 12(b)(6).  An adequate complaint must be "a short and plain statement of the claim showing that

---

[4] Plaintiffs requested an extension of their opposition due date on July 14, 2020, well after their July 6, 2020 deadline, which this Court granted.  (D.E. 25, 27.)
[5] Plaintiffs recount *Flammia I* differently.  They allege that Selective was "granted summary judgment" and FEMA agreed to the Settlement Agreement at the Settlement Conference.  (D.E. 1 ¶¶ 14-15.)  This is flatly contradicted by the filings in *Flammia I*, as noted above, and Plaintiffs' own brief.  (*See* D.E. 26-3 at 13 (noting "Selective entered into a settlement with plaintiffs").  This Court may refer to *Flammia I*, which was before this Court, and which is referred to in and relied on by the Complaint.  (*See, e.g., id.* ¶¶ 11, 14-15, 23, 25 (explicitly referring to *Flammia I* and events which occurred in *Flammia I*.))  *See also Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (permitting consideration of documents outside the pleadings for a factual attack to subject matter jurisdiction); *In re Amarin Corp. PLC.*, Civ. No. 13-6663, 2015 WL 3954190, at *3 n. 5 (D.N.J. June 29, 2015) (noting under Rule 12(b)(6) plaintiff's "factually supported allegations [are assumed] to be true unless explicitly contradicted in documents which (1) are integral to, or relied upon, in Plaintiff's Complaint and (2) [are] publicly available . . . or indisputably authentic" (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997))).

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III. DISCUSSION

Initially, this Court briefly addresses the relationship between FEMA, NFIP, and Selective, as relevant to this action. FEMA is the administrator for the NFIP, which was established by the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129 ("NFIA"), to provide flood insurance below actuarial rates. 42 U.S.C. §§ 4011, 4017; *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). Either FEMA or WYO providers, which are private insurance

companies, issue these insurance policies, known as SFIPs.  *See* 42 U.S.C. § 4071; 44 C.F.R. § 62.23(a), (c); *Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 662 (3d Cir. 2018).  While a WYO provider "act[s] as a fiscal agent of the Federal Government," it does not act as a "general agent.  WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies."  44 C.F.R. § 62.23(g); *see also* 44 C.F.R. § 62.23(d).

In this context, FEMA argues all of Plaintiffs' claims must be dismissed because: first, this Court lacks subject matter jurisdiction because FEMA is protected by sovereign immunity; second, even if this Court had jurisdiction, Plaintiffs cannot plausibly allege there is privity of contract between them and FEMA; and third, other jurisdictional avenues are unavailing.  This Court addresses these arguments in turn.

### A.  This Court Lacks Jurisdiction Because Defendant Is Immune from Suit

"The United States is immune from suit unless it unequivocally consents."  *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020).  "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities."  *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).  FEMA, a federal agency, makes two arguments.  First, pursuant to the Tucker Act, 28 U.S.C. § 1491, which gives a limited waiver of sovereign immunity, the Court of Federal Claims has exclusive jurisdiction for the claims here; and second the NFIA's waiver of sovereign immunity does not apply here, where a WYO provider issued the SFIP.

### i.  This Court Lacks Subject Matter Jurisdiction Pursuant to the Tucker Act

Through the Tucker Act, the United States has waived sovereign immunity for claims "founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  The Tucker Act gives exclusive jurisdiction for such claims seeking more than $10,000 to the Court of Federal Claims.  *See id.*; 28 U.S.C. § 1346(a)(2); *Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987) (noting "[j]urisdiction over non-tort monetary claims against the United States is exclusively defined by the Tucker Act . . . because it is only under the terms of the Tucker Act that the United States waives its sovereign immunity to non-tort claims seeking monetary relief").

Here, Plaintiffs sue FEMA, a federal agency, to enforce a contract, the Settlement Agreement, and for allegedly breaching the same.  (D.E. 1 ¶¶ 20-38.)  Plaintiffs also bring bad faith claims related to this alleged breach.  (*Id.* ¶¶ 39-51.)  The Settlement Agreement was for approximately $56,000 (*Flammia I*, D.E. 74 at 6:17-7:6), and through this lawsuit, Plaintiffs seek $250,000.  (D.E. 1 at 8.)  Therefore, under the Tucker Act, the Court of Federal Claims, not this Court, would have jurisdiction over Plaintiffs' claims.[6]

### ii.  This Court Also Lacks Jurisdiction Because Selective, Not FEMA, Is Party to the Settlement Agreement and Policy

This Court further lacks jurisdiction because Plaintiffs' agreements (both the Policy and Settlement Agreement) were with Selective, not FEMA.  The NFIA provides a limited waiver of sovereign immunity, allowing a SFIP policyholder to challenge the "disallowance of all or part of

---

[6] The NFIA gives this Court jurisdiction over challenges of denials or partial denials of insurance claims under the SFIP.  42 U.S.C. § 4072.  However, this statutory allowance does not extend to subsequent settlement disputes.  *Cf. Green v. Winter*, Civ. No. 08-5938, 2009 WL 2007052, at *1-2 (E.D. Pa. July 7, 2009) (finding while "sovereign immunity for Title VII suits where the federal government is the employer" is waived, this waiver "does not extend to monetary claims for breach of a settlement agreement that resolves a Title VII suit," and that "a majority of circuits have held that violation of a settlement agreement sounds in contract and that when the claim is in excess of $10,000, the Court of Federal Claims possesses exclusive jurisdiction"); *Friedman v. United States*, 391 F.3d 1313, 1314-15 (11th Cir. 2004) (affirming district court's lack of jurisdiction over motion to enforce settlement over $10,000 against government, finding such claim belongs in the Court of Federal Claims).

a claim." *Migliaro*, 880 F.3d at 666 (citing 42 U.S.C. § 4072).  However, if a WYO provider issued the SFIP, the "SFIP policyholder is limited to bringing a suit against the WYO [provider] if he desires to challenge the denial of his claim." *See id.*; *see also* 44 C.F.R. § 62.23(g) (stating that "WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies . . . such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies").

Selective, a WYO provider, issued Plaintiffs' Policy, which is a SFIP.  (*Flammia I*, D.E. 44 ¶¶ 12, 52; *Flammia I*, D.E. 8 ¶ 7.)[7]  Therefore, there is no waiver of sovereign immunity as to Plaintiffs' insurance claims against FEMA.  *See Pepe v. Fid. Nat. Prop. & Cas. Ins. Co.*, Civ. No. 11-3746, 2011 WL 4916290, at *3 (D.N.J. Oct. 17, 2011) (finding no waiver of sovereign immunity where "FEMA neither issued the SFIP to Plaintiff nor participated in the denial of her claim"); *Sutor v. Fed. Emergency Mgmt. Agency (FEMA)*, Civ. No. 06-1371, 2008 WL 1959693, at *3 (E.D. Pa. May 5, 2008).[8]  Similarly, no waiver as to FEMA applies to Plaintiffs' attempt to enforce the resulting Settlement Agreement, or their claims for breach of this agreement, bad faith litigation, and bad faith insurance.  *See Migliaro*, 880 F.3d at 667 (finding "[t]o the extent that [plaintiff's] suit was based upon something other than the denial of his [insurance] claim, it would have also been properly dismissed for lack of jurisdiction because there is no waiver of sovereign immunity except for the causes of action provided for in the statute"); *id*. at 667 n. 8 (noting there is no waiver for "common law breach of contract, or a breach of the covenant of bad faith").

Plaintiffs argue that state law, not the NFIA or related regulations, should govern here.  (D.E. 26-3 at 11-12 (citing, *inter alia*, *State Bd. of Ins. v. Todd Shipyards Corp*, 370 U.S. 451, 452

---

[7] As noted above, the Court may consider evidence outside of the pleadings to determine its own jurisdiction.  *See Gould Elecs. Inc.*, 220 F.3d at 177.
[8] For this reason, to the extent Plaintiffs challenge the denial of their insurance claim through their bad faith insurance claim, this claim against FEMA fails.

(1962) (finding "regulation and taxation of insurance should be left to the States")).)
Notwithstanding the fact that sovereign immunity issues would still exist, the NFIA preempts state
law here. *See C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 268 (3d Cir. 2004).

      B. **Plaintiffs Fail to Plausibly State a Claim**

Even if this Court had jurisdiction, Plaintiffs fail to plausibly allege privity of contract
between Plaintiffs and FEMA. "To prevail on a breach of contract claim, a party must prove a
valid contract between the parties, the opposing party's failure to perform a defined obligation
under the contract, and the breach caused the claimant to sustain[] damages." *EnviroFinance Grp.,
LLC v. Envt'l. Barrier Co., LLC*, 113 A.3d 775, 787 (N.J. App. Div. 2015).

Plaintiffs allege that the Settlement Agreement was between Plaintiffs and FEMA, and that
this agreement is reflected on the record of the Settlement Conference. (D.E. 1 ¶¶ 15.) Further,
Plaintiffs allege FEMA breached this agreement when it refused to pay. (*Id.* ¶¶ 16, 27, 37.)
However, the record in *Flammia I* makes clear that the Settlement Agreement was between
Plaintiffs and Selective, and that Selective declined to pay. For example, FEMA never appeared
in *Flammia I*, and at the Settlement Conference, where only Plaintiffs' and Selective's counsel
were present, Selective's counsel stated, in response to whether the settlement applied to "Selective
and FEMA," "Selective is the only party in the case." (*See Flammia I*, D.E. 74 at 2:16-25, 7:19-
24; *see also Flammia I*, D.E. 72-73.)[9] Plaintiffs admit as much. (*See* D.E. 26-3 at 13 (stating
"Selective entered into a settlement with plaintiffs").) Additionally, as discussed above, because
Selective provided the Policy, Plaintiffs could only sue Selective for denials of Policy claims.
Consequently, any settlement agreement resolving a Policy dispute would be between Plaintiffs
and Selective, not FEMA. *See* 44 C.F.R. § 62.23(d) (stating where WYO provider provides the

---

[9] As noted above, the Court may consider these documents, which are relied upon in the Complaint. (*See* D.E. 1 ¶¶
11, 15 (explicitly referring to *Flammia I*, which was before this Court, and the Settlement Conference).)

SFIP, it "shall arrange for . . . settlement, payment and defense of all claims" arising from SFIP);
*see also Sutor*, 2008 WL 1959693, at \*4 (in breach of SFIP case, finding no privity of contract
between plaintiffs and FEMA, where WYO provider issued plaintiffs' SFIP).

Plaintiffs' argument that Selective is an agent of FEMA, and thus the Settlement
Agreement binds FEMA, is unavailing.  Selective is FEMA's "fiscal agent," not "general agent,"
and WYO providers are "solely responsible for their obligations to their insured."  44 C.F.R. §
62.23(g); *see also* 44 C.F.R. § 62.23(d).[10]  Plaintiffs cannot plausibly allege the Settlement
Agreement between them and Selective binds FEMA, thus Plaintiffs' claims fail.[11]

### C.  Other Jurisdictional Avenues Are Unavailing

Plaintiffs allege this Court also has jurisdiction under 28 U.S.C. § 1367, 9 U.S.C. § 9, and
28 U.S.C. § 1361.  (D.E. 1 ¶¶ 1-3.)  Supplemental jurisdiction under 28 U.S.C. § 1367 is unavailing.
Generally, the "enforcement of the settlement agreement is for state courts, unless there is some
independent basis for federal jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
375, 382 (1994).  As discussed above, this Court does not independently have jurisdiction over
any of Plaintiffs' claims.  Plaintiffs' alternative avenues of jurisdiction do not help either.  *See* 9
U.S.C. § 9 (outlining jurisdiction for arbitration awards); 28 U.S.C. § 1361 (giving jurisdiction for
"any action in the nature of mandamus to compel an officer or employee of the United States or
agency thereof to perform a duty owed to the plaintiff").[12]

---

[10] As noted above, the NFIA preempts state law here.  Further, the Complaint does not plausibly allege Selective had
apparent authority to bind FEMA.  There are no allegations that either FEMA or Selective represented that, or acted
as if, Selective had such authority.  *See Jannarone v. Sunpower Corp.*, Civ. No. 18-9612, 2018 WL 5849468, at \*4
(D.N.J. Nov. 7, 2018) (listing elements).  In fact, Selective stated that it did not represent FEMA as to settlement, (*see
Flammia I*, D.E. 74 at 7:19-24), and relevant regulations make this clear.  *See* 44 C.F.R. § 62.63(g).
[11] Plaintiffs also argue that, pursuant to the Contracts Clause of the United States Constitution, Art. I, § 10, the
Government cannot change the terms of a contract through regulations, and it cannot enact laws to give its agencies
advantages in the market.  (D.E. 26-3 at 8-10.)  Plaintiffs make no allegations in the Complaint or offer any arguments
that Defendant attempted to do this.
[12] The "duty owed" under 28 U.S.C. § 1361, is one "which is a specific, plain, ministerial act devoid of the exercise
of judgement or discretion . . . [and] its performance is positively commanded and so plainly prescribed as to be free

D. **Plaintiffs May Amend the Complaint to Add Selective**

Plaintiffs cross-move to amend their Complaint to add Selective as a defendant. (D.E. 26-3 at 3.) Defendant does not object. (D.E. 28 at 2.) Per Rule 15(a)(1)(B), Plaintiffs may amend the Complaint as of right within 21 days of filing of the Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' cross-motion to amend was made within 21 days of Defendant's motion to dismiss. (*See* D.E. 24, 26.) Plaintiffs may amend their Complaint.[13]

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate Order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
             Parties

---

from doubt." *Tao v. Mueller*, Civ. No. 07-804, 2007 WL 2459423, at *2 (D.N.J. Aug. 23, 2007) (internal quotation marks and citations omitted). Such duty is not at issue here.

[13] This Court notes Plaintiffs' proposed Amended Complaint (D.E. 26-1) lists FEMA (via NFIP) as a defendant. This Court's finding that Plaintiffs may amend the Complaint does not affect its ruling that it lacks jurisdiction over FEMA, and the Complaint otherwise fails to state a claim against FEMA.